IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Nico Coty Toscani, | ) Case No. 8:12-cv-03244-MGL-JDA |
|     Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
|     v. | ) |
| Dr. Paul C. Drago; Dr. John B. Mcree; Dr. John B. Tomarchio; Warden Willie Eagleton; Major West; RN Linda C. Tyler; Nurse Krystal S. Hill; RN Kelly M. Morton; HCA Amy L. Smith; RN Patricia D. Perry; CCC Michele D. Fox; RN Lisa Neely; Sgt. Gaddy, | ) |
|     Defendants. | ) |

This matter is before the Court on a motion to withdraw Defendant Dr. John B. Tomarchio filed by Plaintiff. [Doc. 28.] Plaintiff is proceeding pro se and brings this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard

than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under the Federal Rules of Civil Procedure, a plaintiff may request the court to dismiss his action. Fed. R. Civ. P. 41(a)(2). The court may dismiss the action "on terms that the court considers proper." *Id.* Unless the court orders otherwise, dismissal of an action at the plaintiff's request is without prejudice. *Id.*

## DISCUSSION

On February 5, 2013, Plaintiff filed a motion to withdraw Defendant Dr. John B. Tomarchio ("Tomarchio") [Doc. 28], which the Court has construed as a motion to dismiss Tomarchio. At this stage in the proceedings, all Defendants, including Tomarchio, have been served and have filed an Answer. [Docs. 22, 24.] No dispositive motions are pending; dispositive motions are due from Defendants by March 1, 2013 [*see* Doc. 14 at 3 (setting deadline for dispositive motions as 45 days after an answer is filed)]. Therefore, the Court concludes there would be no prejudice to Defendants to dismiss Tomarchio at this early stage of the proceedings.

## **CONCLUSION**

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion to withdraw Dr. John B. Tomarchio [Doc. 28] be GRANTED.

IT IS SO RECOMMENDED.

                                        s/Jacquelyn D. Austin
                                        United States Magistrate Judge

February 6, 2013
Greenville, South Carolina