IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Nico Coty Toscani, | ) | Civil Action No.: 8:12-3244-MGL |
| Plaintiff, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| Dr. Paul C. Drago; Dr. John B. Mcree; Warden Willie Eagleton; Major West; RN Linda C. Tyler; Nurse Krystal S. Hill; RN Kelly M. Morton; HCA Amy L. Smith; RN Patricia D. Perry; CCC Michele D. Fox; RN Lisa Neely; Sgt. Gaddy, | ) | |
| Defendants. | ) | |

At the time of the underlying events, Plaintiff Nico Coty Toscani ("Plaintiff") was an inmate in the custody of the South Carolina Department of Corrections housed at Evans Corrections Institution in Bennettsville, South Carolina. Plaintiff proceeding *pro se* and *informa pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for Pretrial Handling and a Report and Recommendation ("Report"). Defendants moved for summary judgment on February 27, 2013 (ECF No. 46), which the Magistrate Judge forwarded to Plaintiff with a notice that failure to respond could result in the dismissal of his Complaint, as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975). (ECF No. 47.) On March 11, 2013, Plaintiff moved for an extension of time to respond to the motion for summary judgment (ECF No. 53) that the court granted on March 12. 2013. (ECF No.

54.) Plaintiff filed a response in opposition to Defendants' motion for summary judgment on May 6, 2013. (ECF No. 64.)

The Magistrate Judge issued a Report on July 12, 2013, in which she found that (1) Plaintiff's claims for injunctive and /or declaratory relief are moot since he is no longer incarcerated at Evans Correctional Institution; (2) Plaintiff failed to demonstrate a genuine issue of material facts remains as to whether Defendants were deliberately indifferent to Plaintiff's medical needs or to Plaintiff's safety; and (3) Defendants are entitled to qualified immunity. Accordingly, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted. (ECF No. 70.) The Report sets forth in detail the relevant facts and standards of law on this matter and the court incorporates without a recitation.

The Report was mailed to Plaintiff on July12, 2013  (ECF No. 71), along with a notice of his right to file specific objections to the Report. (ECF No. 70-1.) On July 26, 2013, Plaintiff requested and was granted an extension of time to respond to the Report. (ECF Nos. 72 & 74.) Plaintiff filed objections on August 19, 2013. (ECF No. 76.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections.

*Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983).

## DISCUSSION

The Report sets forth in detail the relevant facts and standards of law on this matter and the court incorporates without a recitation. Plaintiff filed his objections in a timely fashion, but the objections do not direct the court to a specific error in the Magistrate Judge's Report. Plaintiff objects to all the Report complaining generally that the Magistrate Judge failed to consider the relevant facts and reiterated the allegations of his Complaint as to the manner in which he claims he was allegedly treated by Defendants. In other words, Plaintiff fails to make specific objections supported by evidence or legal argument, that might direct the court to a specific error in the Magistrate Judge's Report. Because general objections to a Magistrate Judge's Report, such as those set forth above, fail to direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 509 (6th Cir.1991)*. Because Plaintiff failed to file specific objections, the court reviews the Report only for clear error, and finds none. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## CONCLUSION

The court finds that the Magistrate Judge prepared an extensive and detailed Report

and Recommendation and also appropriately addressed Plaintiff's arguments. The Magistrate Judge clearly and particularly explained why Plaintiff's claims do not rise to a constitutional violation. The court has accepted all of Plaintiff's factual allegations as true. Nevertheless, upon review of the Report, the applicable law and the parties' submissions, the court finds no error in the Report and adopts it and incorporates it herein by reference. As such, Defendants' motion for summary judgment is GRANTED.

    IT IS SO ORDERED.

                                                  s/ Mary G. Lewis
                                                  United States District Judge

Spartanburg, South Carolina
August 23, 2013